## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC.<br>1101 Connecticut Ave. NW, Ste. 450<br>Washington, DC 20036,<br><div align="center">Plaintiff,</div><div align="center">v.</div><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><div align="center">Defendant</div> | **COMPLAINT**<br><br>1:21-cv-1972 |

## Introduction

1.      This Freedom of Information Act (FOIA) suit seeks records from Defendant the United States Department of Justice (DOJ). *See* 5 U.S.C. § 552. These records and the information they contain are necessary to answer questions of national significance regarding the extent to which the federal government, in coordination with state and local law enforcement agencies, is using cell-site simulator technology for domestic surveillance.

2.      To answer these pressing questions more fully, the Project for Privacy and Surveillance Accountability, Inc. ("PPSA"), the Plaintiff in this action, sent a FOIA request to specifically identified components within the DOJ on March 29, 2021. But it has not received a substantive response from the DOJ as required by law. PPSA brings suit to compel that response.

## Jurisdiction and Venue

3.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, and award costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

4.     Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

5.     Plaintiff PPSA is a Delaware non-profit corporation with its principal place of business in Washington, DC. As part of its mission, PPSA advocates for greater privacy and civil liberty protections from government surveillance, and seeks to hold such programs accountable to constitutional and statutory limitations.

6.     Defendant the Department of Justice is a Department of the Executive Branch of the United States Government. The DOJ has possession, custody, and control of records to which Plaintiff seeks access.

## Facts

7.     FOIA requires federal agencies, including Defendant, to "promptly" release agency records upon request to any member of the public. 5 U.S.C. § 552 (a)(3); *see also* 5 U.S.C. § 552(f)(1) (definition of agency). If the records fall under a statutory exemption or are excluded from FOIA, the agency may deny the request. *See* 5 U.S.C. § 552(b)(1)-(9) (exemptions); *id.* § 552(c)(1)-(3) (exclusions).

8.      Plaintiff's request in this case concerns federal and local governments' use of so-called stingrays, dirtboxes, and other cell-site simulator technology (collectively, "cell-site simulators"). Plaintiff was concerned by the level of secrecy surrounding this surveillance technology, including in reports that law enforcement agencies were using it to surveil recent protests and demonstrations. Among other things, Plaintiff's request asked the DOJ for agency records: discussing the DOJ's legal treatment of cell-site simulators; mentioning any non-disclosure agreements between federal and local law enforcement agencies regarding cell-site simulators; and recording federal or local use of cell-site simulators.

9.      Plaintiff therefore attempted to obtain records from the Defendant DOJ via FOIA. On March 29, 2021, Plaintiff sent a letter, attached to this complaint as Exhibit A, to the DOJ's FOIA Mail Referral Unit via its publicly listed e-mail address. The letter requested the following:

**1. All agency records mentioning the U.S. Department of Justice (DOJ) policy document entitled "Department of Justice Policy Guidance: Use of Cell-Site Simulator Technology," released on or about September 3, 2015 (the "2015 Policy").**

**2.  All agency records supplementing, modifying, interpreting, or replacing the 2015 Policy.**

**3. All agency records mentioning or containing the training protocols referenced on page 3 of the 2015 Policy.**

**4. All agency records mentioning both cell-site simulators and the DOJ Chief Privacy and Civil Liberties Officer.**

**5. All agency records mentioning both cell-site simulators and Rule 41 of the Federal Rules of Criminal Procedure.**

6.  All agency records mentioning both cell-site simulators and the Pen Register Statute, 18 U.S.C. § 3121, *et seq.*, or any section thereof.

7.  All agency records prepared to comply with the requirement, mentioned on page 4 of the 2015 Policy, to "keep track of the number of times the use of a cell-cite simulator is approved under this [exceptional circumstances] subsection, as well as the circumstances underlying each such use."

8.  All agency records prepared to comply with, or otherwise mentioning, the requirement mentioned on page 6 of the 2015 Policy that DOJ agencies "shall implement an auditing program to ensure that the data is deleted in the manner described [in the 2015 Policy]."

9.  All agency records prepared to comply with, or otherwise mentioning, the requirement mentioned on page 7 of the 2015 Policy that "[e]ach division or district office shall report to its agency headquarters annual records reflecting the total number of times a cell-site simulator is deployed in the jurisdiction; the number of deployments at the request of other agencies, including State or Local law enforcement; and the number of times the technology is deployed in emergency circumstances."

10. All agency records prepared to comply with, or otherwise mentioning, the requirement mentioned on page 7 of the 2015 Policy that "[m]odel materials will be provided to all United States Attorneys' Offices and litigating components, each of which shall conduct training for their attorneys."

11. All agency records mentioning the December 23, 2014 letter from Senators Leahy and Grassley to then-Attorney General Holder and then-Secretary Johnson (the "2014 Letter"), including any records provided in response to the 2014 Letter.

12. All agency records mentioning the March 18, 2015 letter from Senators Leahy and Grassley to then-Attorney General Holder and then-Acting Deputy Attorney General Yates (the "2015 Letter"), including any records provided in response to the 2015 Letter.

13. All agency records mentioning both cell-site simulators and any of the following words or phrases: court, judge, magistrate, judiciary, judicial, tribunal, evidence, admissible, inadmissible, "parallel construction", or "additional and independent".

**14.All agency records mentioning both cell-site simulators and non-disclosure agreements (NDAs), including but not limited to: any NDA forms, models, or templates; and any NDAs actually executed between any federal agency and any state or local law enforcement agency.**

**15.All agency records recording the use of cell-site simulators by federal, state, or local law enforcement, including but not limited to records mentioning statistical information such as: number of devices, number of investigations or criminal cases in which such devices are or have been used, financial figures, and number of federal, state, or local law enforcement agencies or personnel using such devices.**

The date range of the request generally encompassed records between December 1, 2014 and March 29, 2021.

16.   The request stated that it was "directed specifically at the following units and/or divisions within the Department of Justice":

> Bureau of Alcohol, Tobacco and Explosives
> Bureau of Justice Statistics
> Civil Division
> Criminal Division
> Drug Enforcement Administration
> Executive Office for Organized Crime Drug Enforcement Task Forces
> Executive Office for U.S. Attorneys
> Federal Bureau of Investigation
> Justice Management Division
> National Security Division
> Office of Information Policy
> Office of Justice Programs
> Office of Legal Policy
> Office of Privacy and Civil Liberties
> Office of the Associate Attorney General
> Office of the Attorney General
> Office of the Deputy Attorney General
> Office of the Inspector General
> Organized Crime Drug Enforcement Task Forces

U.S. Marshals Service.

17.    As of the date of this complaint, none of the DOJ units or divisions to which Plaintiff's FOIA request was directed have responded to that request. Thus, the DOJ has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the DOJ intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations.

18.    Although more than forty business days have passed since the DOJ component designated to receive FOIA requests received Plaintiff's request, the DOJ has not notified Plaintiff as to whether it will fully comply with that request. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

19.    Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the DOJ has wrongfully withheld them.

## Count One: Freedom of Information Act

**Defendant is required to disclose all non-exempt records responsive to Plaintiff's Freedom of Information Act requests**

20.     Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint.

21.     FOIA's administrative exhaustion requirement required Defendant to determine whether to comply with Plaintiff's requests within the time limits set by FOIA—namely, within twenty business days or, in "unusual circumstances," within thirty business days. 5 U.S.C. § 552(a)(6)(A)–(B). At the latest, that time period began to run ten business days after the DOJ's FOIA Mail Processing Unit received the request on March 29, 2021. 5 U.S.C. § 552(a)(6)(A)(ii). Accordingly, the DOJ's determinations were due, at the latest, on May 25, 2021.

22.     At a minimum, Defendant was obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations. See, e.g., *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

23.     Defendant did not perform any of the required activities by the applicable statutory deadlines.

24.     Consequently, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(A), (C)(i), (ii).

25.   Defendant's failure to release responsive non-exempt records violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations implementing FOIA.

26.   Plaintiff is entitled to receive all responsive non-exempt records from Defendant forthwith.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

A. Order Defendant to conduct searches immediately for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests.

B. Order Defendant to produce, by dates certain, any and all non-exempt records to Plaintiff's FOIA request, and *Vaughn* indices of any responsive records withheld under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

D. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Gene C. Schaerr

GENE C. SCHAERR (D.C. Bar No. 416638)
   *Counsel of Record*
SCOTT GOODWIN*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Counsel for Plaintiff PPSA, Inc.*

*Application pending for admission to the D.C. Bar. Practicing under the supervision of D.C. bar members pursuant to Rule 49(c)(8).