IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC., <br>   *Plaintiff*, <br><br>   *v.* <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br>   *Defendant*. | Civil Action No. 1:21-cv-1972 (CKK) |

## ANSWER

Defendant, the United States Department of Justice ("DOJ"), hereby answers the numbered paragraphs of the Complaint, ECF No. 1, filed by Plaintiff Project for Privacy and Surveillance Accountability, Inc. ("Plaintiff") as provided below.

1. The allegations contained within this paragraph constitute Plaintiff's characterization of its suit to which no response is required.

2. DOJ admits that Plaintiff submitted a request dated March 29, 2021, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to DOJ's Mail Referral Unit ("MRU"), but otherwise respectfully refers the Court to a copy of Plaintiff's FOIA request, attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents. DOJ admits that, to date, only one of the 13 components responsible for processing FOIA requests ("13 Components") for the 20 "units and/or divisions within" DOJ identified by Plaintiff in its request (one of which was the Office of the Inspector General, a statutorily created independent entity within DOJ), ECF No. 1, Ex. A at 3, has made a final determination as to that request. DOJ otherwise avers that any remaining allegations contained within this paragraph

constitute either Plaintiff's characterization of its suit or legal conclusions, to which no response is required.

3. The allegations in this paragraph constitute conclusions of law to which no response is required.

4. The allegations in this paragraph constitute conclusions of law to which no response is required.

5. The allegations in this paragraph consist of Plaintiff's characterization of itself and its work, to which no response is required and about which DOJ lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6. DOJ admits the first sentence in this paragraph. The second sentence of this paragraph consists of conclusions of law, to which no response is required.

7. The allegations in this paragraph constitute conclusions of law to which no response is required.

8. The allegations in this paragraph consist of either: a characterization of Plaintiff's motivation for submitting the FOIA request at issue, to which no response is required and about which DOJ lacks knowledge or information sufficient to form a belief about the truth of the allegations; or a summary of Plaintiff's FOIA request, regarding which DOJ respectfully refers the Court to a copy of the request, attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents.

9. DOJ admits that Plaintiff submitted a FOIA request, dated March 29, 2021, to the MRU's electronic mailbox; otherwise, DOJ respectfully refers the Court to a copy of the FOIA

request, attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents.[1]

16. DOJ admits that, in identifying the scope of its FOIA request, Plaintiff directed its request specifically to 20 separate "units and/or divisions within" DOJ, ECF No. 1, Ex. A at 3; otherwise, DOJ respectfully refers the Court to a copy of the FOIA request, attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents.

17. DOJ admits that, as of the date of the filing of the Complaint, none of the 13 Components had responded to Plaintiff regarding that request. DOJ also avers that: on August 24, 2021, the MRU sent Plaintiff's FOIA request to the 13 Components; on September 7, 2021, one of the 13 Components, DOJ's Civil Division ("Civil"), sent Plaintiff a letter by e-mail advising that Civil could locate no responsive records subject to FOIA in Civil's files and accordingly was closing Plaintiff's FOIA request; and, as of the date of the filing of this Answer, three others amongst the 13 Components have sent Plaintiff correspondence acknowledging the FOIA request. The remainder of the allegations in this paragraph consist of conclusions of law, to which no response is required.

18. With respect to the first sentence in this paragraph, DOJ admits that, as of the date of the filing of the Complaint, none of the 13 Components had made final determinations as to Plaintiff's FOIA request; otherwise, DOJ denies the allegations. Regarding the second sentence in this paragraph, it consists of conclusions of law to which no response is required.

19. The allegations in this paragraph consist of conclusions of law to which no response is required.

---

[1] This Answer's paragraphs mirror the numbers used in Plaintiff's Complaint, which shifts immediately from a paragraph numbered 9 to one numbered 16. *See* Compl. at 3-5.

20. DOJ incorporates by reference its answers to all the preceding paragraphs.

21. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, DOJ denies the allegations.

22. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, DOJ denies the allegations.

23. Denied.

24. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, DOJ denies the allegations.

25. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, DOJ denies the allegations.

26. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, DOJ denies the allegations.

27. The remaining paragraphs constitute a prayer for relief to which no response is required. To the extent a response is deemed necessary, DOJ denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

28. DOJ further denies all allegations in Plaintiff's Complaint not expressly admitted or denied.

**DEFENSE**

1.        Plaintiff is not entitled to compel production of records or portions of records exempt from disclosure by one or more exemptions to the Freedom of Information Act, 5 U.S.C. § 552(b).

>Respectfully submitted,
>
>BRIAN M. BOYNTON
>Acting Assistant Attorney General
>
>ELIZABETH J. SHAPIRO
>Assistant Branch Director
>
> /s/ *Kristin Taylor*
>Kristin Taylor
>Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>1100 L St. NW, Room 11110
>Washington, DC 20005
>(202) 353-0533 (direct)
>(202) 616-8470
>kristin.a.taylor@usdoj.gov
>
>*Counsel for the Defendant*

DATED: September 15, 2021

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to counsel of record.

    /s/ *Kristin Taylor*
Kristin Taylor
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 11110
Washington, DC 20005
(202) 353-0533 (direct)
(202) 616-8470
kristin.a.taylor@usdoj.gov