IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC., <br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:21-cv-1972 (CKK) |

**JOINT STATUS REPORT**

This action concerns a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, made by plaintiff Project for Privacy and Surveillance Accountability, Inc. ("Plaintiff") to defendant the U.S. Department of Justice ("DOJ" and, together with Plaintiff, "the Parties"). Pursuant to the Court's September 30, 2021, Minute Order, the parties have met, conferred, and report the following.

1.  The DOJ components[1] with which Plaintiff's FOIA request is still open[2] are at various stages of responding to Plaintiff's FOIA request.

---

[1] DOJ is decentralized for FOIA purposes, with internal components each processing FOIA requests independently. For ease and efficiency of reference, the components within DOJ responsible for processing Plaintiff's FOIA request are referred to collectively, including one such component, the Office of the Inspector General, which is a statutorily created independent entity within DOJ.

[2] As acknowledged in DOJ's Answer, ECF No. 9, one DOJ component, the Civil Division, made a final determination and closed out Plaintiff's FOIA request.

a. The Office of Justice Programs has completed its search of all records and is now reviewing the return for responsiveness and de-duplication.

b. As of the date of this filing, the search for responsive records by the Criminal Division ("Criminal") remains ongoing. Although Criminal previously anticipated completion of its search process in January 2022, during the course of Criminal performing its initial searches it was revealed that potentially responsive records may be maintained within several additional Criminal sections not included in the initial searches. Accordingly, Criminal has commenced a supplemental search for additional potentially responsive records.

c. The Organized Crime Drug Enforcement Task Forces ("OCDETF") will start releasing responsive records to Plaintiff by January 31, 2022. Given technical issues OCDETF is experiencing, it cannot currently ascertain the total number of potentially responsive records, but remains committed to working out the technical issues in a timely fashion.

d. The search for potentially responsive records by the National Security Division continues; there currently is no estimate on an approximate search-return date.

e. The Federal Bureau of Investigation has begun searching for potentially responsive records; there currently is no estimate on an approximate search-return date.

f. The remaining components continue to: evaluate whether Plaintiff submitted a proper FOIA request that reasonably describes the records

sought or how to search for records responsive to Plaintiff's FOIA request, as well as what administrative constraints (such as record location, custodian or system repositories, or on-site review requirements) may apply to any processing of records potentially responsive to Plaintiff's FOIA request. Some of these components have, however, begun preliminary or focused searches for certain categories of potentially responsive records. The Parties have had discussions about potentially agreeing to a reformulation or narrowing of the FOIA request for these components, and plan to continue such discussions in the coming weeks.

2. At this time, the Parties are conferring regarding the scope of Plaintiff's request. Given the status of the searches for potentially responsive records to Plaintiff's FOIA request, *see supra* 1, DOJ is unable to provide an estimate for the anticipated number of documents potentially responsive to Plaintiff's FOIA request.

3. DOJ is unable to provide an estimated production schedule prior to the completion of records searches, aside from what is discussed in 1, *supra*. The timing of any release of non-exempt records would depend on the number of records located and the number of different offices with which the responsible DOJ components must consult pursuant to DOJ regulations, as well as on any potential disruptions caused by the ongoing pandemic.

4. DOJ will continue to engage with Plaintiff while continuing to evaluate Plaintiff's FOIA request. DOJ will update Plaintiff on the projected number of records and

confer with Plaintiff regarding processing schedules when such information is known and, thereafter, update the Court.

5. The parties anticipate having further information for the Court by February 9, 2022, the deadline for the next Joint Status Report set by the Court's December 2, 2021, Minute Order. That report will update the Court on the status of DOJ's response to Plaintiff's FOIA request and, if possible, propose further proceedings or schedules as necessary.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 /s/ Kristin Taylor
Kristin Taylor
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 11110
Washington, DC 20005
(202) 353-0533 (direct)
(202) 616-8470
kristin.a.taylor@usdoj.gov

*Counsel for DOJ*

 /s/ Gene C. Schaerr
Gene C. Schaerr (D.C. Bar No. 416368)
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Plaintiff PPSA, Inc.*

DATED: January 10, 2022