IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC., <br>     *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br>     *Defendant*. | Civil Action No. 1:21-cv-1972 (CKK) |

## JOINT STATUS REPORT

This action concerns a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, made by plaintiff Project for Privacy and Surveillance Accountability, Inc. ("Plaintiff") to defendant the U.S. Department of Justice ("DOJ" and, together with Plaintiff, "the Parties"). Pursuant to the Court's September 30 and December 2, 2021 Minute Orders, the parties have met, conferred, and report the following:

1. The Components[1] with which Plaintiff's FOIA request is still open[2] are at various stages of responding to Plaintiff's FOIA request, as outlined below.

---

[1] DOJ is decentralized for FOIA purposes, with internal components each processing FOIA requests independently. For ease and efficiency of reference, the components within DOJ responsible for processing Plaintiff's FOIA request are referred to collectively ("Components"), including one such Component, the Office of the Inspector General ("OIG"), which is a statutorily created independent entity within DOJ.

[2] As acknowledged in DOJ's Answer, ECF No. 9, one Component, the Civil Division, made a final determination and closed out Plaintiff's FOIA request.

a. The Bureau of Alcohol, Tobacco, Firearms and Explosives initiated a search for responsive records to portions of Plaintiff's FOIA request, and will soon initiate searches for the remainder of responsive records, in accordance with its narrowing proposal to Plaintiff. *See infra* ¶ 2. Some search returns have already been received, but given the early nature of the overall search, it is too early to estimate a completion date for receipt of all search returns or when a processing schedule can be determined.

b. The Criminal Division continues to search for responsive records, and presently cannot estimate when that search will be fully returned.[3] Upon complete return of all searches, in accordance with its narrowing proposal to Plaintiff, *see infra* ¶ 2, the Criminal Division will be better positioned to evaluate processing timelines.

c. The Drug Enforcement Agency ("DEA") has initiated a search in accordance with its narrowing proposal to Plaintiff. *See infra* ¶ 2. Given the early nature of the search and the ongoing narrowing discussions with Plaintiff, DEA is not currently in a position to consider a processing schedule.

d. The Executive Office for United States Attorneys ("EOUSA") completed an initial search in accordance with its narrowing proposal

---

[3] As previously reported, the Criminal Division anticipated completion of its search process in January 2022, but during the course of performing its initial searches it was revealed that potentially responsive records may be maintained within several additional Criminal Division sections not included in the initial searches. Accordingly, the Criminal Division has undertaken a supplemental search for additional potentially responsive records.

      to Plaintiff, *see infra* ¶ 2, which returned 10,566 potentially responsive pages. EOUSA is currently evaluating the search return to determine a schedule for the processing of records for responsiveness, non-exemption, and de-duplication.

e. The Federal Bureau of Investigation ("FBI") has begun searching for potentially responsive records, and has received some returns from that search, although there currently is no estimate on the timeline for the receipt of all search returns. The FBI has begun reviewing the search returns that have been received for responsiveness, non-exemption, and de-duplication.

f. DOJ has asked Plaintiff to consider excusing the Justice Management Division from any further processing of Plaintiff's FOIA Request.

g. The search for potentially responsive records by the National Security Division ("NSD") continues. NSD has been experiencing technical difficulties, but is now pursuing a new solution and is actively working to resolve the issues it is currently experiencing. There currently is no estimate on an approximate search-return date.

h. OIG is searching for responsive records in accordance with its narrowing proposal to Plaintiff, *see infra* ¶ 2, and, though some returns have been received, the search is still ongoing. There currently is no estimate on the date by which the search will be complete. When all searches are fully returned, OIG will be in a better position to estimate a response date.

    i. The Office of Information Policy ("OIP") has completed an initial keyword search within the data of approximately 120 custodians within OIP's FOIA-processing obligations (out of the nearly 300 custodians estimated to be within that pool potentially implicated by Plaintiff's FOIA request). This keyword search yielded over 30,000 items, which OIP is working to review for responsiveness, non-exemption, and de-duplication. Regarding the other potential custodians whose records fall within OIP's FOIA-processing responsibilities, OIP is awaiting the returns of remote searches. Given the volume of results so far and the number of custodians implicated, the Parties are also conferring about ways to narrow the scope of Plaintiff's request.

    j. The Office of Justice Programs ("OJP") completed its initial search and is processing records for responsiveness, non-exemption, and de-duplication. OJP made its first release of records to Plaintiff on February 7, 2022, and estimates that it will be able to process 1,000 pages per month.

    k. The Organized Crime Drug Enforcement Task Forces ("OCDETF") completed its initial search and made its first release of records to Plaintiff on January 31, 2022. OCDETF is still conducting a manual responsiveness review and therefore does not have a final page count at this time, but will continue rolling monthly releases of at least 350 pages.

    l. The U.S. Marshal's Service ("USMS") has begun an initial search in accordance with its narrowing proposal to Plaintiff, *see infra* ¶ 2, and is currently reviewing the information already returned for responsiveness, non-exemption, and de-duplication. The search is not fully returned, however, so USMS is not currently in a position to consider a processing schedule.

  2. At least some of the Components continue to: evaluate whether Plaintiff submitted a proper FOIA request that reasonably describes the records sought or how to search for records responsive to Plaintiff's FOIA request, as well as what administrative constraints (such as record location, custodian or system repositories, or on-site review requirements) may apply to any processing of records potentially responsive to Plaintiff's FOIA request. The Parties are discussing a reformulation or narrowing of the FOIA request for these Components, and plan to continue such discussions in the coming weeks. The result of those discussions may impact the searches already being conducted by at least some of the Components.

  3. Since the Parties are currently discussing a potential narrowing of the scope of Plaintiff's FOIA request, *see supra* ¶ 2, and given the status of many of the Components' searches for potentially responsive records to such request, *see supra* ¶ 1, DOJ is unable to provide additional information regarding the estimated number of total pages that may be responsive to Plaintiff's FOIA request or an estimated production schedule for each Component. The timing of any release of non-exempt records will depend on the number of records located and the number of different offices with which

the Components must consult pursuant to DOJ regulations, *see* 28 C.F.R. § 16.4(d), as well as on any potential disruptions caused by the ongoing pandemic.

    4.    DOJ will continue to engage with Plaintiff while continuing to evaluate Plaintiff's FOIA request. DOJ will update Plaintiff on the projected number of records and confer with Plaintiff regarding processing schedules when such information is known and, thereafter, update the Court.

    5.    The parties anticipate having further information for the Court by March 11, 2022, the deadline for the next Joint Status Report set by the Court's December 2, 2021, Minute Order. That report will update the Court on the status of DOJ's response to Plaintiff's FOIA request and, if possible, propose further proceedings or schedules as necessary.

    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 /s/ Kristin Taylor
Kristin Taylor
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 11110
Washington, DC 20005
(202) 353-0533 (direct)
(202) 616-8470
kristin.a.taylor@usdoj.gov

*Counsel for DOJ*

 /s/ Gene C. Schaerr
Gene C. Schaerr (D.C. Bar No. 416368)

Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Plaintiff PPSA, Inc.*

DATED: February 9, 2022