IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC.,<br>    *Plaintiff*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    *Defendant*. | Civil Action No. 1:21-cv-1972 (CKK) |

**JOINT STATUS REPORT**

This action concerns a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, made by plaintiff Project for Privacy and Surveillance Accountability, Inc. ("Plaintiff") to defendant the U.S. Department of Justice ("DOJ" and, together with Plaintiff, "the Parties"). Pursuant to the Court's September 30 and December 2, 2021, Minute Orders, the Parties have met, conferred, and report the following.

    1.    Plaintiff seeks the production of records regarding cell-site simulator technology from twenty DOJ components.[1] DOJ is decentralized for FOIA purposes, and in most instances internal DOJ components process FOIA requests independently. Here,

---

[1] For ease and efficiency of reference, all of the components are referred to collectively as "components." One component, the Office of the Inspector General, is a statutorily created independent entity within DOJ.

1

there are 13 components within DOJ responsible for processing FOIA requests for the 20 "units and/or divisions" identified in Plaintiff's request.[2]

2. Because of the varying nature of the records maintained by each component, the Parties have been working cooperatively to find the most efficient path forward for the processing of Plaintiff's FOIA request, and have been making progress. Defendant continues to evaluate whether Plaintiff submitted a proper FOIA request that reasonably describes the records sought from each component, how to search for records responsive to Plaintiff's FOIA request, as well as what administrative constraints (such as record location, custodian or system repositories, or on-site review requirements) may apply to any processing of records potentially responsive to Plaintiff's FOIA request. Also, the Parties are discussing a reformulation or narrowing of the FOIA request for certain components, and plan to continue such discussions in the coming weeks. The result of those discussions may impact the searches underway by at least some of the components.

3. The parties agree that a status conference is not needed at this time. The parties have outlined below the current status and the general topics of the parties' ongoing discussions.

---

[2] The 13 components processing records for this case are: (1) the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF"); (2) the Civil Division; (3) the Criminal Division; (4) the Drug Enforcement Administration ("DEA"); (5) the Executive Office for U.S. Attorneys ("EOUSA"); (6) the Federal Bureau of Investigation ("FBI"); (7) the Justice Management Division ("JMD"); (8) the National Security Division ("NSD"); (9) the Organized Crime Drug Enforcement Task Forces ("OCDETF"); (10) the Office of Information Policy ("OIP"); (11) the Office of Justice Programs ("OJP"); (12) the U.S. Marshal Service ("USMS"); and (13) the Office of the Inspector General ("OIG").

4. The Civil Division has completed its search and identified no responsive documents. The parties have conferred regarding the Civil Division's response and agree there is no ongoing dispute regarding the Civil Division's response to Plaintiff's request.

5. The Organized Crime Drug Enforcement Task Forces (OCDETF) has completed its search and processing of responsive records in this case, and has produced its responsive, non-exempt records to Plaintiff. The parties are conferring regarding OCDETF's response.

6. The Justice Management Division ("JMD") has conducted some manual searches for potentially responsive records to determine the likelihood of having responsive records. Given JMD's limited involvement with cell-site simulator technology, JMD anticipates that most of its potentially responsive records, if any, would be duplicative of the other components' records or draft material that would be pre-decisional and deliberative in nature, and therefore exempt from disclosure pursuant to 5 U.S.C. § 552(b)(5). The parties have begun to discuss how best to proceed and are still engaged in the conferral process. Given these discussions, JMD has not initiated any searches for responsive records beyond the targeted manual searches identified above.

7. The Office of Justice Programs ("OJP") has completed its search for potentially responsive materials and is reviewing the search results on a rolling basis.[3] OJP has provided Plaintiff with interim responses on February 7, March 9, April 8, and May 9, 2022.

---

[3] The status reported herein for OJP includes the Bureau of Justice Statistics ("BJS") because BJS is a program office within OJP.

8. The Executive Office for United States Attorneys ("EOUSA") has completed its search for potentially responsive records and continues to review its search returns for responsiveness, non-exemption, and de-duplication on a rolling basis.[4] In April 2022, EOUSA identified 104 pages of records responsive to Plaintiff's request and referred those pages to other agencies or offices for required consultations before a final decision regarding the release or withholding of this material is made.

9. The National Security Division ("NSD") has completed its search and review of responsive records in this case and is awaiting responses from other agencies or offices on pages that have been referred to those offices for consultation before it can make its final decision regarding the release or withholding of those pages.

10. The Office of the Inspector General ("OIG") has completed its search for potentially responsive records and it is evaluating the results of its search return. The parties are conferring regarding the scope of OIG's search and its process for the review of any potentially responsive materials.

11. The Federal Bureau of Investigation ("FBI") has located approximately 3,000 pages of records potentially responsive to the subject of Plaintiff's request and Plaintiff has agreed to the fee related to the release of any responsive records identified in the FBI's review of those pages, *see* 28 C.F.R. § 16.10. The FBI anticipates reviewing approximately 300 pages by May 31, 2022, and estimates it can review 500 pages per month thereafter. For some of Plaintiff's requests, the FBI is conferring with Plaintiff as

---

[4] The search and review of potentially responsive records completed by EOUSA was in accordance with its pending proposal, which is part of the parties' ongoing discussions.

to the scope and currently unable to estimate a date by which searches, if any, for those requests will be complete.

12.     The remaining components—ATF, the Criminal Division, DEA, OIP,[5] and the USMS—are in the process of searching for potentially responsive records and conferring with Plaintiff regarding the scope of these searches.  Defendant is currently unable to estimate a date by which these components' searches will be complete.

13.     Defendant DOJ will continue to engage with Plaintiff while continuing to evaluate its FOIA request and update Plaintiff on the projected number of records and processing schedules when such information is known and, thereafter, update the Court.

14.     The Parties anticipate having further information for the Court by the next Joint Status Report set by the Court, which is due to be filed on or before June 10, 2022.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 /s/ Olivia Scott
Olivia Hussey Scott
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 11112
Washington, DC 20005
(202) 616-8491
(202) 616-8470 (fax)

---

[5] OIP's mission is limited to FOIA policy, and thus OIP does not maintain records on the topic of Plaintiff's request.  OIP is responsible, however, for processing FOIA requests to the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, Office of Legal Policy, and the Office of Privacy and Civil Liberties.  As such, the status reported herein for OIP includes the status for those offices.

olivia.hussey.scott@usdoj.gov

*Counsel for Defendant*

 */s/ Gene C. Schaerr*
Gene C. Schaerr (D.C. Bar No. 416368)
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Plaintiff PPSA, Inc.*

DATED: May 11, 2022