IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC., | ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. 1:21-cv-1972 (CKK) |
| *v.* | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| *Defendant.* | ) ) ) | |

## JOINT STATUS REPORT

This action concerns a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, made by plaintiff Project for Privacy and Surveillance Accountability, Inc. ("Plaintiff") to defendant the U.S. Department of Justice ("DOJ" and, together with Plaintiff, "the Parties"). Pursuant to the Court's September 30 and December 2, 2021, Minute Orders, the Parties have met, conferred, and report the following.

1. Plaintiff seeks the production of records regarding cell-site simulator technology from twenty DOJ components.[1] DOJ is decentralized for FOIA purposes, and in most instances internal DOJ components process FOIA requests independently. Here,

---

[1] For ease and efficiency of reference, all of the components are referred to collectively as "components." One component, the Office of the Inspector General, is a statutorily created independent entity within DOJ.

there are 13 components within DOJ responsible for processing FOIA requests for the 20

"units and/or divisions" identified in Plaintiff's request.[2]

2.      Because of the varying nature of the records maintained by each

component, the Parties have been working cooperatively to find the most efficient path

forward for the processing of Plaintiff's FOIA request, and have been making progress.

Notably, the Parties have not yet resolved whether two of the fifteen categories of

requested information (i.e., categories no. 13 and 15) reasonably describe the records

sought from each component, how to search for records responsive to Plaintiff's FOIA

request, as well as what administrative constraints (such as record location, custodian or

system repositories, or on-site review requirements) may apply to any processing of

records potentially responsive to Plaintiff's FOIA request.  The parties are actively

discussing these portions of Plaintiff's request in an attempt to reach a resolution.  Also,

the Parties are discussing a reformulation or narrowing of the FOIA request for certain

components, and plan to continue such discussions in the coming weeks.  The result of

those discussions may impact the searches underway by at least some of the components.

3.      The parties agree that a status conference is not needed at this time.  The

parties have outlined below the current status and the general topics of the parties'

ongoing discussions.

---

[2] The 13 components processing records for this case are: (1) the Bureau of
Alcohol, Tobacco, Firearms and Explosives ("ATF"); (2) the Civil Division; (3) the
Criminal Division; (4) the Drug Enforcement Administration ("DEA"); (5) the Executive
Office for U.S. Attorneys ("EOUSA"); (6) the Federal Bureau of Investigation ("FBI");
(7) the Justice Management Division ("JMD"); (8) the National Security Division
("NSD"); (9) the Organized Crime Drug Enforcement Task Forces ("OCDETF"); (10)
the Office of Information Policy ("OIP"); (11) the Office of Justice Programs ("OJP");
(12) the U.S. Marshal Service ("USMS"); and (13) the Office of the Inspector General
("OIG").

The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

4.     ATF is in the process of searching for potentially responsive records regarding the agreed-to scope of Plaintiff's request.  To date, it has located approximately 22,000 pages and it has begun its review for responsiveness on a rolling basis.  ATF anticipates it will provide its first interim response to Plaintiff by July 29, 2022.  For the requests that are the subject of the parties' ongoing discussions, ATF is currently unable to estimate a date by which searches, if any, for those requests will be complete.

The Civil Division

5.     The Civil Division has completed its search and identified no responsive documents.  The parties have conferred regarding the Civil Division's response and agree there is no ongoing dispute regarding the Civil Division's response to Plaintiff's request.

The Criminal Division

6.     The Criminal Division is in the process of searching for potentially responsive records regarding the agreed-to scope of Plaintiff's request and conferring with Plaintiff regarding the scope of these searches.  The Criminal Division estimates that its searches for potentially responsive records will be complete by the end of July 2022.  Once the searches are complete, the Criminal Division expects to begin reviewing the results for responsiveness and de-duplication, and it expects to provide a processing and production schedule once that initial review is completed.

The Drug Enforcement Administration ("DEA")

7.     The DEA has located approximately 2,500 pages of records potentially responsive to the subject of Plaintiff's request, and it is continuing to search for remaining portions of the agreed-to scope of Plaintiff's request.  The DEA estimates it will provide Plaintiff with its first interim response by July 19, 2022.  The parties are still

conferring regarding the scope of some of Plaintiff's requests and so the DEA is currently

unable to estimate a date by which searches, if any, for those requests will be complete.

The Executive Office for U.S. Attorneys ("EOUSA")

      8.     EOUSA has completed its search for potentially responsive records

regarding the agreed-to scope of Plaintiff's request and it is currently reviewing its search

returns for responsiveness, non-exemption, and de-duplication on a rolling basis.  As part

of its ongoing review, EOUSA has referred pages of responsive records to other agencies

or offices for required consultations and is awaiting those responses before a final

decision regarding the release or withholding of this material is made.

The Federal Bureau of Investigation ("FBI")

      9.     The FBI has located approximately 3,000 pages of records potentially

responsive to the subject of Plaintiff's request and Plaintiff has agreed to the fee related

to the release of any responsive records identified in the FBI's review of those pages, *see*

28 C.F.R. § 16.10.  The FBI has begun reviewing potentially responsive records on a

rolling basis at the rate of approximately 500 pages per month, and providing interim

responses to Plaintiffs.  For the portion of the requests that are the subject of the parties'

ongoing discussions, the FBI is currently unable to estimate a date by which searches, if

any, for those requests will be complete.

The Justice Management Division ("JMD")

      10.    JMD has conducted some manual searches for potentially responsive

records to determine the likelihood of having responsive records, and is currently

reviewing the results of those manual searches for responsiveness as well as considering

additional targeted searches to identify responsive records.  Due to JMD's limited

involvement with cell-site simulator technology, JMD anticipates that most of its

potentially responsive records would be duplicative of the other components' records or material that would be pre-decisional and deliberative in nature, and therefore exempt from disclosure pursuant to 5 U.S.C. § 552(b)(5).  As such, JMD has not initiated any further searches for responsive records and the parties are conferring regarding how best to proceed.

The National Security Division ("NSD")

11.     NSD has completed its search and review of responsive records in this case and is awaiting responses from other agencies or offices on pages that have been referred to those offices for consultation before it can make its final decision regarding the release or withholding of those pages.

The Office of Information Policy ("OIP")

12.     OIP does not maintain records on the topic of Plaintiff's request (or portions thereof).  As relevant here, however, OIP is responsible for processing FOIA requests to the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, Office of Legal Policy, and the Office of Privacy & Civil Liberties.

13.     OIP has completed some initial keyword searches, which identified over 100,000 pages of potentially responsive records, and OIP is in the process of reviewing those search results for responsiveness.  OIP expects that any pages that are ultimately determined to be responsive will require additional consultation before it can make final decisions regarding the release or withholding of the pages.

14.     Also, the parties have agreed upon a tiered approach for OIP's remaining searches that should improve OIP's efficiency by narrowing the scope of its searches. OIP will utilize this agreed-upon approach to continue searching for additional,

potentially responsive records.  Further, the parties are continuing to confer regarding request nos. 13 and 15.  Because of these ongoing discussions, OIP is currently unable to estimate a date by which its remaining searches will be complete.

The Office of Justice Programs ("OJP")

15.     OJP has completed its search for potentially responsive materials and is reviewing the search results on a rolling basis.[3]  OJP has provided Plaintiff with interim responses on February 7, March 9, April 8, May 9, June 2, and July 7, 2022.

The Office of the Inspector General ("OIG")

16.     The OIG has completed its search and identified no responsive documents. The parties have conferred regarding the OIG's response and agree there is no ongoing dispute regarding the OIG's response to Plaintiff's request.

The Organized Crime Drug Enforcement Task Forces ("OCDETF")

17.     OCDETF has completed its search and processing of responsive records in this case, and has produced its responsive, non-exempt records to Plaintiff.  Plaintiff has requested additional information regarding the scope of OCDETF's searches and the exemptions it applied to responsive records and OCDETF is currently considering Plaintiff's request for this additional information.

The U.S. Marshal Service ("USMS")

18.     The USMS has located potentially responsive records pursuant to the parties' agreed-to scope of searches, and it is continuing to search for additional potentially responsive records.  The parties continue to confer with Plaintiff regarding the scope of these searches and so the USMS is currently unable to estimate a date by which

---

[3] The status reported herein for OJP includes the Bureau of Justice Statistics ("BJS") because BJS is a program office within OJP.

its searches will be complete.  The USMS has begun to process on a rolling basis the potentially responsive records identified so far.  The USMS anticipates that some of the documents will either require internal review and concurrence from different divisions within the USMS, or consultations with other DOJ components and other federal agencies, before it can make a final decision regarding the release or withholding of the pages.

***

19.     Defendant DOJ will continue to engage with Plaintiff while continuing to evaluate its FOIA request and update Plaintiff on the projected number of records and processing schedules when such information is known and, thereafter, update the Court.

20.     The Parties anticipate having further information for the Court by the next Joint Status Report set by the Court, which is due to be filed in thirty days, on or before August 10, 2022.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 /s/ Olivia Scott
Olivia Hussey Scott
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 11112
Washington, DC 20005
(202) 616-8491
(202) 616-8470 (fax)
olivia.hussey.scott@usdoj.gov

*Counsel for Defendant*

_/s/ Gene C. Schaerr_
Gene C. Schaerr (D.C. Bar No. 416368)
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Plaintiff PPSA, Inc.*

DATED: July 11, 2022