IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC., <br>     *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br>     *Defendant*. | Civil Action No. 1:21-cv-1972 (CKK) |

## JOINT STATUS REPORT

The parties, by counsel, respectfully submit this Joint Status Report in response to the Court's October 7, 2022 Minute Order.

1.    Plaintiff seeks records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from components of the U.S. Department of Justice ("DOJ")[1] related to cell-site simulator technology. There are 13 components within DOJ responsible for processing FOIA requests for the offices identified in Plaintiff's request.

2.    The parties have been working cooperatively to find the most efficient path forward for the processing of Plaintiff's FOIA request, and they continue to make progress. Notably, as identified in prior Joint Status Reports, the parties are still conferring regarding aspects of Plaintiff's request (i.e., categories no. 13 and 15). *See* ECF No. 26, ¶ 2. These discussions are progressing; however, the result of the discussions may still impact the searches underway by at least some of the components.

---

[1] For ease and efficiency of reference, all of the components are referred to collectively as "components." One component, the Office of the Inspector General, is a statutorily created independent entity within DOJ.

1

3. The parties agree that a status conference is not needed at this time. The current status and outstanding issues for each of the 13 components are outlined below.

The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

4. ATF is in the process of searching for potentially responsive records regarding the agreed-to scope of Plaintiff's request. To date, it has located approximately 22,000 pages and it has begun its review for responsiveness on a rolling basis. ATF has provided Plaintiff with interim responses on August 9, September 18, and October 18, 2022, as well as January 9, 2023.[2] For the portion of the requests that are subject to the parties' ongoing discussions, ATF is currently unable to estimate a date by which searches, if any, will be complete because of the parties' ongoing discussions.

The Civil Division

5. The Civil Division has completed its search and identified no responsive documents. The parties have conferred regarding the Civil Division's response and agree there is no ongoing dispute regarding the Civil Division's response to Plaintiff's request.

The Criminal Division

6. The Criminal Division has completed its search for records regarding the agreed-to scope of Plaintiff's request, which has identified over 28,500 potentially responsive electronic items,[3] and it has begun its review of these potentially responsive items for de-duplication and responsiveness. For the portion of the requests that are

---

[2] Although ATF also provided Plaintiff with interim responses on November 18 and December 6, 2022, those interim responses contained administrative errors in the consultation process. Consistent with Fed. R. Civ. P. 26(b)(5)(B), the parties coordinated and confirmed prompt destruction of the erroneously produced documents.

[3] Electronic items include files of documents and sometimes attachments. Further processing is required before the Criminal Division can identify the estimated number of pages within each potentially responsive electronic item.

subject to the parties' ongoing discussions, the Criminal Division is currently unable to estimate a date by which it will begin reviewing potentially responsive material because of the parties' ongoing discussions.

The Drug Enforcement Administration ("DEA")

7. The DEA has completed its search for and initial processing of the potentially responsive records regarding the agreed-to scope of Plaintiff's request. For the portion of the requests that are the subject of the parties' ongoing discussions, the DEA is currently unable to estimate a date by which searches, if any, will be complete. To date, the DEA has provided Plaintiff with interim responses on July 19 and December 16, 2022, as well as January 17, 2023.

The Executive Office for U.S. Attorneys ("EOUSA")

8. EOUSA has completed its search for potentially responsive records regarding the agreed-to scope of Plaintiff's request and it is currently reviewing its search returns for responsiveness, non-exemption, and de-duplication on a rolling basis. EOUSA provided interim responses to the Plaintiff on September 9 and October 19, 2022. EOUSA has referred pages of responsive records to other agencies or offices for required consultations and is awaiting those responses before a final decision regarding the release or withholding of this material is made. As the review of records is ongoing, EOUSA will continue to provide interim responses until its review of all potentially responsive records is complete.

The Federal Bureau of Investigation ("FBI")

9. The FBI has located approximately 3,000 pages of records potentially responsive to the subject of Plaintiff's request and Plaintiff has agreed to the fee related to the release of any responsive records identified in the FBI's review of those pages, *see*

3

28 C.F.R. § 16.10. The FBI has completed processing of the records in its possession and is awaiting the return of records for which is it consulting with other government agencies. For the portion of the requests that are the subject of the parties' ongoing discussions, the FBI is currently unable to estimate a date by which searches, if any, for those requests will be complete.

The Justice Management Division ("JMD")

10. JMD has completed its searches regarding the agreed-to scope of Plaintiff's request and is currently processing responsive records in this case in order to produce any responsive, non-exempt records to Plaintiff. JMD has also referred responsive records to other components for processing and direct response to Plaintiff.

The National Security Division ("NSD")

11. NSD has completed its search and processing of responsive records in this case, and has produced its responsive, non-exempt records to Plaintiff. The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to NSD's response.

The Office of Information Policy ("OIP")

12. OIP does not maintain records on the topic of Plaintiff's request (or portions thereof). As relevant here, however, OIP is responsible for processing FOIA requests to the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, Office of Legal Policy, and the Office of Privacy & Civil Liberties.

13. The parties have agreed upon a tiered approach for OIP's remaining searches that should improve OIP's efficiency by narrowing the scope of its searches. OIP will utilize this agreed-upon approach to continue searching for additional,

potentially responsive records. Because of these ongoing discussions, including those identified above, OIP is currently unable to estimate a date when its searches will be complete.

14. OIP has completed several initial keyword searches, which identified over 100,000 pages of potentially responsive records, and is continuing to review those search results for responsiveness in accordance with the agreed-upon tiered approach. OIP expects that any responsive pages, if located, will require consultation with other DOJ components and federal agencies, before OIP can make a final decision regarding the release or withholding of the pages.

The Office of Justice Programs ("OJP")

15. OJP has completed its search for potentially responsive materials and is reviewing the search results on a rolling basis.[4] OJP has provided Plaintiff with interim responses by letters dated February 7, March 8, April 8, May 9, June 2, July 13, August 3, September 7, October 6, November 4, and December 13, 2022, as well as January 6, 2023.

The Office of the Inspector General ("OIG")

16. The OIG has completed its search and identified no responsive documents. The parties have conferred regarding the OIG's response and agree there is no ongoing dispute regarding the OIG's response to Plaintiff's request.

The Organized Crime Drug Enforcement Task Forces ("OCDETF")

17. OCDETF has completed its search and processing of responsive records in this case, and has produced its responsive, non-exempt records to Plaintiff. Plaintiff has

---

[4] The status reported herein for OJP includes the Bureau of Justice Statistics ("BJS") because BJS is a program office within OJP.

requested additional information regarding the scope of OCDETF's searches and the exemptions it applied to responsive records and OCDETF expects to send its response to Plaintiff's request within the next few weeks.

The U.S. Marshal Service ("USMS")

18. The USMS has located potentially responsive records pursuant to the parties' agreed-to scope of searches, and it is continuing to search for additional potentially responsive records. The parties continue to confer with Plaintiff regarding the scope of these searches and so the USMS is currently unable to estimate a date by which its searches will be complete.

19. The USMS has begun to process on a rolling basis the potentially responsive records identified so far and it anticipates it will provide Plaintiff with an interim response before the next joint status report is due. The USMS anticipates that some of the documents will either require internal review and concurrence from different divisions within the USMS, or consultations with other DOJ components and other federal agencies, before it can make a final decision regarding the release or withholding of the pages.

*** 

20. Defendant DOJ will continue to engage with Plaintiff while continuing to evaluate its FOIA request and update Plaintiff on the projected number of records and processing schedules when such information is known and, thereafter, update the Court.

21. The Parties anticipate having further information for the Court by the next Joint Status Report, currently due on April 19, 2023.

                                                     Respectfully submitted,

                                                     BRIAN M. BOYNTON

        Principal Deputy Assistant Attorney General

        ELIZABETH J. SHAPIRO
        Deputy Branch Director

        <u>/s/ Olivia Scott</u>
        Olivia Hussey Scott
        Senior Counsel
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L St. NW, Room 11112
        Washington, DC 20005
        (202) 616-8491
        (202) 616-8470 (fax)
        olivia.hussey.scott@usdoj.gov

        *Counsel for Defendant*


        <u>/s/ Gene C. Schaerr</u>
        Gene C. Schaerr (D.C. Bar No. 416368)
        Brian J. Field (D.C. Bar No. 985577)
        Schaerr | Jaffe LLP
        1717 K Street NW, Suite 900
        Washington, DC 20006
        (202) 787-1060
        bfield@schaerr-jaffe.com
        gschaerr@schaerr-jaffe.com

        *Counsel for Plaintiff PPSA, Inc.*

DATED: January 19, 2023