IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC.,<br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    *Defendant*. | Civil Action No. 1:21-cv-1972 (CKK) |

## JOINT STATUS REPORT

The parties, by counsel, respectfully submit this Joint Status Report in response to the Court's October 7, 2022 Minute Order.

1.    Plaintiff seeks records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from components of the U.S. Department of Justice ("DOJ")[1] related to cell-site simulator technology.  There are 13 components within DOJ responsible for processing FOIA requests for the offices identified in Plaintiff's request.

2.    The parties have been working cooperatively to find the most efficient path forward for the processing of Plaintiff's FOIA request, and they continue to make progress.  In prior Joint Status Reports the parties identified ongoing negotiations regarding Plaintiff's request categories no. 13 and 15.  The parties have agreed to a narrowed scope for those portions of Plaintiffs' request.

---

[1] For ease and efficiency of reference, all of the components are referred to collectively as "components."  One component, the Office of the Inspector General, is a statutorily created independent entity within DOJ.

1

3. The parties agree that a status conference is not needed at this time. The current status and outstanding issues for each of the 13 components are outlined below.

The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

4. ATF has completed its search for records regarding the agreed-to scope of Plaintiff's request and confirmed that its searches covered the information Defendant agreed to search for pursuant to the parties' agreement for category nos. 13 and 15.

5. ATF is conducting its review of the potentially responsive records identified in its searches on a rolling basis, and to date it has provided Plaintiff with interim responses on August 9, September 18, and October 18, 2022, as well as January 9, February 9, April 13, May 19, and June 27, 2023.[2]

The Civil Division

6. The Civil Division has completed its search and identified no responsive documents. The parties have conferred regarding the Civil Division's response and agree there is no ongoing dispute regarding the Civil Division's response to Plaintiff's request.

The Criminal Division

7. The Criminal Division has completed its searches for records pursuant to the parties' agreements and it has identified approximately 80,000 pages potentially responsive to Plaintiff's request.[3] The Criminal Division is currently reviewing the potentially responsive pages identified in its searches and it expects that any responsive

---

[2] Although ATF also provided Plaintiff with interim responses on November 18 and December 6, 2022, those interim responses contained administrative errors in the consultation process. Consistent with Fed. R. Civ. P. 26(b)(5)(B), the parties coordinated and confirmed prompt destruction of the erroneously produced documents.

[3] The Criminal Division's initial search was completed prior to the parties' narrowing agreement and so it implemented the agreement by completing additional searches within its initial search results to narrow the scope of the records identified.

pages may require consultation with other DOJ components and federal agencies before the Division can make a final decision regarding the release or withholding of the pages.

8.  Also, given the large volume of records identified, the Criminal Division intends to provide Plaintiff with additional information regarding certain categories of the potentially responsive material in an effort to discuss with Plaintiff possible ways to narrow or otherwise streamline its review.

The Drug Enforcement Administration ("DEA")

9.  The DEA has completed its search for records regarding the agreed-to scope of Plaintiff's request and confirmed that its searches covered the information Defendant agreed to search for pursuant to category nos. 13 and 15.

10. The DEA has completed its review of the potentially responsive records identified in its search and has provided Plaintiff with interim responses on July 19 and December 16, 2022, as well as its final response to Plaintiff's request on January 17, 2023.  DEA has also referred responsive records to other components for processing and direct response to Plaintiff.  The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to DEA's response.

The Executive Office for U.S. Attorneys ("EOUSA")

11. EOUSA has completed its search for potentially responsive records regarding the agreed-to scope of Plaintiff's request, including the parties' agreement regarding request category nos. 13 and 15, and it is currently reviewing its search returns for responsiveness, non-exemption, and de-duplication on a rolling basis.

12. EOUSA provided interim responses to the Plaintiff on September 9 and October 19, 2022, as well as January 26, February 28, March 30, and April 28, 2023.  Also, EOUSA has referred pages of responsive records to other agencies or offices for

3

required consultations and is awaiting those responses before a final decision regarding the release or withholding of this material is made. As the review of records is ongoing, EOUSA will continue to provide interim responses until its review of all potentially responsive records is complete.

The Federal Bureau of Investigation ("FBI")

13. The FBI completed its search for records regarding the agreed-to scope of Plaintiff's request, including its search for records pursuant to the parties' agreement for category nos. 13 and 15. Plaintiff has paid the fee related to the release of any responsive records identified in the FBI's review, *see* 28 C.F.R. § 16.10.

14. The FBI is currently reviewing the potentially responsive records identified in its agreed-to searches for category nos. 13 and 15 of Plaintiff's request and it has completed its initial review of the potentially responsive records identified in its searches for the remaining agreed-to scope of the request.

15. To date, the FBI has provided Plaintiff with interim response letters dated June 1, June 30, July 29, August 31, and September 30, 2022. The FBI is awaiting the return of records for which is it consulting with other government agencies. After the FBI receives responses from the consulting agencies regarding the records relevant to its requests, the FBI will make determinations regarding the release or withholding of those records.

The Justice Management Division ("JMD")

16. JMD has completed its searches regarding the agreed-to scope of Plaintiff's request, including for the parties' agreement regarding the scope of request nos. 13 and 15.

17. JMD has completed its review of the potentially responsive records identified in its search and has provided Plaintiff with its final response on January 27, 2023. JMD has also referred responsive records to other components for processing and direct response to Plaintiff. The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to JMD's response.

The National Security Division ("NSD")

18. NSD has completed its search and processing of responsive records in this case, and has produced its responsive, non-exempt records to Plaintiff. The parties are still discussing whether there is any ongoing dispute related to NSD's response.

The Office of Information Policy ("OIP")

19. OIP does not maintain records on the topic of Plaintiff's request (or portions thereof). As relevant here, however, OIP is responsible for processing FOIA requests to the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, the Office of Legal Policy, and the Office of Privacy & Civil Liberties.

20. The parties have agreed upon a tiered approach for OIP's remaining searches designed to improve OIP's efficiency by narrowing the scope of its searches. OIP has now completed its initial agreed-to search and begun processing the potentially responsive records identified in this search on a rolling basis. "Processing" includes further responsiveness review, manual de-duplication, application of FOIA exemptions, and, where appropriate, consultation with other DOJ components and Executive Branch equity holders.

21. Furthermore, OIP is actively working to process other Department components' records for this litigation received by OIP as referrals or on consultation.

The Office of Justice Programs ("OJP")

22. OJP has completed its search for potentially responsive materials, which were sufficient to identify any records potentially responsive to the parties narrowed scope for request categories 13 and 15. OJP is reviewing its search results on a rolling basis.[4]

23. OJP has provided Plaintiff with interim responses by letters dated February 7, March 8, April 8, May 9, June 2, July 13, August 3, September 7, October 6, November 4, and December 13, 2022, as well as January 6, February 7, March 14, April 10, May 5, June 2, and July 7, 2023.

The Office of the Inspector General ("OIG")

24. The OIG has completed its search and identified no responsive documents. The parties have conferred regarding the OIG's response and agree there is no ongoing dispute regarding the OIG's response to Plaintiff's request.

The Organized Crime Drug Enforcement Task Forces ("OCDETF")

25. OCDETF has completed its search and processing of responsive records in this case, and has produced its responsive, non-exempt records to Plaintiff. OCDETF has also responded to Plaintiff's questions about its searches, and the parties are conferring regarding whether there is any ongoing dispute related to OCDETF's response.

The U.S. Marshal Service ("USMS")

26. The USMS has located potentially responsive records pursuant to the parties' previously agreed-to scope of searches, and it is continuing to search for

---

[4] The status reported herein for OJP includes the Bureau of Justice Statistics ("BJS") because BJS is a program office within OJP.

additional potentially responsive records (including those potentially responsive to the parties' agreement for categories 13 and 15 of Plaintiff's request).

27. The USMS has begun to process on a rolling basis the potentially responsive records identified so far. The USMS anticipates that some of the documents will either require internal review and concurrence from different divisions within the USMS, or consultations with other DOJ components and other federal agencies before it can make a final decision regarding the release or withholding of the pages. The USMS provided Plaintiff with its first interim response by letter dated May 11, 2023.

***

28. Defendant DOJ will continue to engage with Plaintiff while continuing to evaluate its FOIA request and update Plaintiff on the projected number of records and processing schedules when such information is known and, thereafter, update the Court.

29. The Parties anticipate having further information for the Court by the next Joint Status Report, due in 90 days on October 16, 2023. *See* October 7 Minute Order.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Olivia Scott*
Olivia Hussey Scott
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 11112
Washington, DC 20005
(202) 616-8491
(202) 616-8470 (fax)
olivia.hussey.scott@usdoj.gov

        *Counsel for Defendant*

        /s/ Gene C. Schaerr
        Gene C. Schaerr (D.C. Bar No. 416368)
        Brian J. Field (D.C. Bar No. 985577)
        Schaerr | Jaffe LLP
        1717 K Street NW, Suite 900
        Washington, DC 20006
        (202) 787-1060
        bfield@schaerr-jaffe.com
        gschaerr@schaerr-jaffe.com

        *Counsel for Plaintiff PPSA, Inc.*

DATED: July 18, 2023