IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC., <br>     *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br>     *Defendant*. | Civil Action No. 1:21-cv-1972 (CKK) |

**JOINT STATUS REPORT**

The parties, by counsel, respectfully submit this Joint Status Report.

1. Plaintiff seeks records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from components of the U.S. Department of Justice ("DOJ")[1] related to cell-site simulator technology. There are 13 components within DOJ responsible for processing FOIA requests for the offices identified in Plaintiff's request.

2. The parties are continuing to confer on the outstanding matters in this case and agree that a status conference is not needed at this time. The parties respectfully propose providing the Court with an additional status report in 90 days, on September 16, 2024.

3. The current status and outstanding issues for each of the 13 components are outlined below.

---

[1] For ease and efficiency of reference, all of the components are referred to collectively as "components." One component, the Office of the Inspector General, is a statutorily created independent entity within DOJ.

1

The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

4. ATF has completed its search for records regarding the agreed-to scope of Plaintiff's request and confirmed that its searches covered the information Defendant agreed to search for pursuant to the parties' agreement for category nos. 13 and 15.

5. ATF is conducting its review of the potentially responsive records identified in its searches on a rolling basis, and to date it has provided Plaintiff with interim responses on August 9, September 18, and October 18, 2022, as well as January 9, February 9, April 13, May 19, and June 27, 2023.[2]

6. ATF has also requested consultations with other agencies or offices regarding some of the potentially responsive records under review and it is awaiting responses to those requests before it can make a final decision regarding the release or withholding of those records. As its review of records is ongoing, ATF will continue to provide interim responses until its response to Plaintiff's request is completed.

The Civil Division

7. The Civil Division has completed its search and identified no responsive documents. The parties have conferred regarding the Civil Division's response and agree there is no ongoing dispute regarding the Civil Division's response to Plaintiff's request.

The Criminal Division

8. The Criminal Division has completed its searches for records pursuant to the parties' agreements and has preliminarily narrowed the number of pages potentially responsive to

---

[2] Although ATF also provided Plaintiff with interim responses on November 18 and December 6, 2022, those interim responses contained administrative errors in the consultation process. Consistent with Fed. R. Civ. P. 26(b)(5)(B), the parties coordinated and confirmed prompt destruction of the erroneously produced documents.

Plaintiff's request to approximately 10,000 pages.[3]  The Criminal Division is currently reviewing the potentially responsive pages identified in its searches on a rolling basis and it expects that any responsive pages may require consultation with other DOJ components and federal agencies before the Division can make a final decision regarding the release or withholding of the pages.

9. The Criminal Division provided Plaintiff with its second interim response on April 19, 2024, and anticipates providing Plaintiff with its third interim response by June 28, 2024.

The Drug Enforcement Administration ("DEA")

10. The DEA has completed its search for records regarding the agreed-to scope of Plaintiff's request and confirmed that its searches covered the information Defendant agreed to search for pursuant to category nos. 13 and 15.

11. The DEA has completed its review of the potentially responsive records identified in its search and has provided Plaintiff with interim responses on July 19 and December 16, 2022, as well as its final response to Plaintiff's request on January 17, 2023.  Also, DEA has referred responsive records to other components for processing and direct response to Plaintiff, and DEA has completed processing its consultation requests in this case from another component about its records.  The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to DEA's response.

The Executive Office for U.S. Attorneys ("EOUSA")

12. EOUSA has completed its search for potentially responsive records regarding the agreed-to scope of Plaintiff's request, including the parties' agreement regarding request category

---

[3] The Criminal Division's initial search was completed prior to the parties' narrowing agreement and so it implemented the agreement by completing additional searches within its initial search results to narrow the scope of the records identified.

nos. 13 and 15, and it is currently reviewing its search returns for responsiveness, non-exemption, and de-duplication on a rolling basis.

13. EOUSA provided a final supplemental response to Plaintiff on June 11, 2024. The final supplemental response was the result of records returned to EOUSA for final action. In June 2022, EOUSA referred records to the Criminal Division for final actions. In April 2024, the Criminal Division returned part of the June 2022 referral, and asked EOUSA to make a final determination as to the disclosure/non-disclosure of the records. EOUSA reviewed the returned records and based on FOIA exemptions, withheld from release the records in their entirety. The final supplemental response is EOUSA's final response in this matter.

The Federal Bureau of Investigation ("FBI")

14. The FBI completed its search for records regarding the agreed-to scope of Plaintiff's request, including its search for records pursuant to the parties' agreement for category nos. 13 and 15. Plaintiff has paid the fee related to the release of any responsive records identified in the FBI's review, *see* 28 C.F.R. § 16.10.

15. The FBI is currently reviewing the potentially responsive records identified in its agreed-to searches for category nos. 13 and 15 of Plaintiff's request and it has completed its initial review of the potentially responsive records identified. The FBI is also awaiting the return of records for which is it consulting with other government agencies. After the FBI receives responses from the consulting agencies, the FBI will make determinations regarding the release or withholding of those records.

16. To date, the FBI has provided Plaintiff with interim response letters dated June 1, June 30, July 29, August 31, and September 30, 2022.

The Justice Management Division ("JMD")

17. JMD has completed its searches regarding the agreed-to scope of Plaintiff's request, including for the parties' agreement regarding the scope of request nos. 13 and 15.

18. JMD has completed its review of the potentially responsive records identified in its search and has provided Plaintiff with its final response on January 27, 2023. JMD has also referred responsive records to other components for processing and direct response to Plaintiff. The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to JMD's response.

The National Security Division ("NSD")

19. NSD has completed its search and processing of responsive records in this case, and has produced its responsive, non-exempt records to Plaintiff. The parties are still discussing whether there is any ongoing dispute related to NSD's response.

The Office of Information Policy ("OIP")

20. OIP does not maintain records on the topic of Plaintiff's request (or portions thereof). As relevant here, however, OIP is responsible for processing FOIA requests to the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, the Office of Legal Policy, and the Office of Privacy & Civil Liberties.

21. The parties previously agreed upon a tiered approach for OIP's remaining searches designed to improve OIP's efficiency by narrowing the scope of its searches. As previously reported, OIP has completed its initial search based on this approach. Since the filing of the last status report, OIP has completed initial processing[4] of all potentially responsive records, and all

---

[4] "Processing" includes further responsiveness review, manual de-duplication, application of FOIA exemptions, and, where appropriate, consultation with other DOJ components and Executive Branch equity holders.

potentially responsive pages are presently pending completion of the consultation process with other components and Executive Branch equity holders. OIP provided Plaintiff with its first interim response by letter dated December 21, 2023, and will issue releases on a rolling basis, as the ongoing consultation process is completed.

22. OIP additionally continues to actively work to process other components' records for this litigation received by OIP on consultation or by referral.

The Office of Justice Programs ("OJP")

23. OJP has completed its search for potentially responsive materials, and made its final production of non-exempt records to Plaintiff on April 8, 2024. The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to OJP's response.

The Office of the Inspector General ("OIG")

24. The OIG has completed its search and identified no responsive documents. The parties have conferred regarding the OIG's response and agree there is no ongoing dispute regarding the OIG's response to Plaintiff's request.

The Organized Crime Drug Enforcement Task Forces ("OCDETF")

25. OCDETF has completed its search and processing of responsive records in this case, and has produced its responsive, non-exempt records to Plaintiff. OCDETF has also responded to Plaintiff's questions about its searches, and the parties are conferring regarding whether there is any ongoing dispute related to OCDETF's response.

The U.S. Marshals Service ("USMS")

26. The USMS has completed its search for potentially responsive records pursuant to the parties' previously agreed-to scope of searches. The USMS has processed and is currently reviewing a final batch of documents.

27. Some of the records, contained within the final batch of documents, have also been sent as a consult to another component for review of the component's equities. The USMS is waiting for the component to return the consult.

28. The USMS has also processed records that it received via a referral from OIP for a direct response to Plaintiff, and provided a final response to Plaintiff on this referral by letter dated April 3, 2024.

Dated:  June 17, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Branch Director


   /s/  Olivia Scott
Olivia Hussey Scott
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 11112
Washington, D.C.  20005
(202) 616-8491
olivia.hussey.scott@usdoj.gov
*Attorneys for Defendant*


/s/ Gene C. Schaerr
Gene C. Schaerr (D.C. Bar No. 416368)
Brian J. Field (D.C. Bar No. 985577)
Schaerr | Jaffe LLP

        1717 K Street NW, Suite 900
        Washington, DC 20006
        (202) 787-1060
        bfield@schaerr-jaffe.com
        gschaerr@schaerr-jaffe.com
        *Attorneys for Plaintiff PPSA, Inc.*