IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC., <br><br>*Plaintiff,* <br><br>v. <br><br>U.S. DEPARTMENT OF JUSTICE, <br><br>*Defendant.* | ) ) ) ) ) Civil Action No. 1:21-cv-1972 (CKK) ) ) ) ) ) ) |

## JOINT STATUS REPORT

The parties, by counsel, respectfully submit this Joint Status Report.

1. Plaintiff seeks records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from components of the U.S. Department of Justice ("DOJ")[1] related to cell-site simulator technology. There are 13 components within DOJ responsible for processing FOIA requests for the offices identified in Plaintiff's request.

2. The parties are continuing to confer on outstanding matters and agree that a status conference is not needed at this time. The parties respectfully propose providing the Court with an additional status report in 90 days, on September 12, 2025.

3. The status for each of the 13 components are outlined below.

<u>The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")</u>

4. ATF has completed its search for records regarding the agreed-to scope of Plaintiff's request and confirmed that its searches covered the information Defendant agreed to search for pursuant to the parties' agreement for category nos. 13 and 15.

---

[1] All of the components are referred to collectively as "components." One component, the Office of the Inspector General, is a statutorily created independent entity within DOJ.

5. ATF completed its initial review of the potentially responsive records identified in its searches and requested consultations with other agencies or offices regarding some of the potentially responsive records reviewed.  ATF is awaiting responses to those consultation requests before it can make a final decision regarding the release or withholding of those records.  ATF will continue to provide interim responses on a rolling basis as it receives responses to its consultation requests until its response to Plaintiff's request is completed.

6. To date, ATF has provided Plaintiff with interim responses, the most recent of which was its interim response transmitted on June 4, 2025.

<u>The Civil Division</u>

7. The Civil Division completed its search and identified no responsive documents. The parties have conferred regarding the Civil Division's response and agree there is no ongoing dispute regarding the Civil Division's response to Plaintiff's request.

<u>The Criminal Division</u>

8. The Criminal Division completed its searches for records pursuant to the parties' agreements and has preliminarily narrowed the number of pages potentially responsive to Plaintiff's request to approximately 10,000 pages.[2]  The Criminal Division is currently reviewing the potentially responsive pages identified in its searches on a rolling basis and it expects that any responsive pages may require consultation with other DOJ components and federal agencies before the Division can make a final decision regarding the release or withholding of the pages.

9. The Criminal Division provided Plaintiff with its eighth interim response on May 5, 2025, and anticipates providing Plaintiff with its ninth interim response by July 7, 2025.

---

[2] The Criminal Division's initial search was completed prior to the parties' narrowing agreement and so it implemented the agreement by completing additional searches within its initial search results to narrow the scope of the records identified.

The Drug Enforcement Administration ("DEA")

10. The DEA completed its search for records regarding the agreed-to scope of Plaintiff's request and confirmed that its searches covered the information Defendant agreed to search for pursuant to category nos. 13 and 15.

11. The DEA completed its review of the potentially responsive records identified in its search and provided Plaintiff with interim responses on July 19 and December 16, 2022, as well as its final response to Plaintiff's request on January 17, 2023. Also, DEA referred responsive records to other components for processing and direct response to Plaintiff, and DEA completed processing its consultation requests in this case from another component about its records. The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to DEA's response.

The Executive Office for U.S. Attorneys ("EOUSA")

12. EOUSA completed its search for potentially responsive records regarding the agreed-to scope of Plaintiff's request, including the parties' agreement regarding request category nos. 13 and 15.

13. EOUSA completed its review of the potentially responsive records identified in its search and provided Plaintiff with its final response on June 11, 2024. The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to EOUSA's response.

The Federal Bureau of Investigation ("FBI")

14. The FBI completed its search for records regarding the agreed-to scope of Plaintiff's request, including its search for records pursuant to the parties' agreement for category

3

nos. 13 and 15. Plaintiff has paid the fee related to the release of any responsive records identified in the FBI's review, *see* 28 C.F.R. § 16.10.

15. The FBI completed its processing of the potentially responsive records identified in its search, including those for which the FBI sought consultations from other government agencies (OGAs).

16. The FBI provided Plaintiff with 15 interim response letters, including its final response on June 6, 2025. The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to the FBI's response.

The Justice Management Division ("JMD")

17. JMD completed its searches regarding the agreed-to scope of Plaintiff's request, including for the parties' agreement regarding the scope of request nos. 13 and 15.

18. JMD completed its review of the potentially responsive records identified in its search and provided Plaintiff with its final response on January 27, 2023. JMD also referred responsive records to other components for processing and direct response to Plaintiff. The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to JMD's response.

The National Security Division ("NSD")

19. NSD completed its search and processing of responsive records in this case, and has produced its responsive, non-exempt records to Plaintiff. The parties agree there is no dispute regarding NSD's response to Plaintiff's request.

The Office of Information Policy ("OIP")

20. OIP does not maintain records on the topic of Plaintiff's request (or portions thereof). As relevant here, however, OIP is responsible for processing FOIA requests to the Office

of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, the Office of Legal Policy, and the Office of Privacy & Civil Liberties.

21. The parties previously agreed upon a tiered approach for OIP's remaining searches designed to improve OIP's efficiency by narrowing the scope of its searches. As previously reported, OIP completed its initial search based on this approach, completed initial processing[3] of all potentially responsive records, and sent these potentially records for consultation with other components and Executive Branch equity holders.

22. Since the parties' last status report, OIP provided Plaintiff with six interim responses, including its most recent tenth interim response dated May 27, 2025. OIP will continue to issue releases on a rolling basis, as the ongoing consultation process is completed.

The Office of Justice Programs ("OJP")

23. OJP completed its search for potentially responsive materials and made its final production of non-exempt records to Plaintiff on April 8, 2024. The parties expect to confer before the next joint status report to identify whether there is any ongoing dispute related to OJP's response.

The Office of the Inspector General ("OIG")

24. The OIG completed its search and identified no responsive documents. The parties have conferred regarding the OIG's response and agree there is no ongoing dispute regarding the OIG's response to Plaintiff's request.

---

[3] "Processing" includes further responsiveness review, manual de-duplication, application of FOIA exemptions, and, where appropriate, consultation with other DOJ components and Executive Branch equity holders.

The Organized Crime Drug Enforcement Task Forces ("OCDETF")

25. OCDETF completed its search and processing of responsive records in this case, produced its responsive, non-exempt records to Plaintiff, and responded to Plaintiff's questions about its searches. The parties have conferred, and Plaintiff has identified several questions about OCDETF's releases. The parties are conferring regarding whether there is any ongoing dispute related to OCDETF's response, and OCDETF is preparing a response to queries by Plaintiff about its response.

The U.S. Marshals Service ("USMS")

26. The USMS completed its production, having made its final production on September 13, 2024.

27. The USMS also processed records that it received via a referral from OIP for a direct response to Plaintiff and provided a final response to Plaintiff on this referral by letter dated June 14, 2024.

\* \* \* \*

Dated: June 13, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Olivia Hussey Scott*
Olivia R. Hussey Scott
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005

>(202) 616-8491
>Olivia.Hussey.Scott@usdoj.gov
>*Counsel for Defendant*
>
>
>*/s/ Gene C. Schaerr*
>Gene C. Schaerr (D.C. Bar No. 416368)
>Brian J. Field (D.C. Bar No. 985577)
>Schaerr | Jaffe LLP
>1717 K Street NW, Suite 900
>Washington, DC 20006
>(202) 787-1060
>bfield@schaerr-jaffe.com
>gschaerr@schaerr-jaffe.com
>*Counsel for Plaintiff PPSA, Inc.*